UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROY SYLVE | * | CIVIL ACTION NO.: 2:23-cv-04068 |
|     Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | JUDGE/SECTION: |
| AMERICAN BANKERS | * | GREG G. GUIDRY / "T" |
| INSURANCE COMPANY OF | * | |
| FLORIDA | * | |
|     Defendant. | * | MAGISTRATE/DIVISION: |
| | * |  MICHAEL B. NORTH / "5" |

**ORDER AND REASONS**

The Court has before it Defendant American Bankers Insurance Company of Florida's ("ABIC") Motion to Dismiss the claims raised against it by Plaintiff Roy Sylve in the above-captioned action. R. Doc. 10. Plaintiff has responded in opposition. R. Doc. 13. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT ABIC's Motion.

**I.  BACKGROUND**

This case arises from damage allegedly caused to a property owned by Plaintiff and located at 125 Johnson St, Port Sulphur, Louisiana (the "Property") when Hurricane Ida hit on August 29, 2021. R. Doc. 1 at 1–3. On that date, the Property was insured under a Standard Flood Insurance Policy with ABIC (the "Policy"). *Id.* at 1; *see also* R. Doc. 10-3. Plaintiff filed suit on August 24, 2023, alleging ABIC breached its contractual obligations under the Policy by failing to pay out to Plaintiff the full amount of his claimed losses. *Id.* at 5–7. Plaintiff also seeks statutory penalties under La. R.S. 22:1892 and La. R.S. 22:1973, pre- and post-judgment interest, and attorneys' fees. *Id.* at 7–10. ABIC now moves the Court to dismiss Plaintiff's breach of contract claim as time-

1

barred and his claims for statutory penalties, interest, and attorneys' fees as preempted by federal law. R. Doc. 10-1 at 7–19.

## II. APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When considering a Rule 12(b)(6) motion, a district court is generally limited to the four-corners of the complaint, but may consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."

*Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III.   DISCUSSION

As an initial matter, the Court notes Plaintiff concedes in his opposition that his extra-contractual claims are preempted by federal law. R. Doc. 13 at 1. The Court will thus grant ABIC's Motion to Dismiss as unopposed as to those claims. Accordingly, the Court must further consider only ABIC's argument that Plaintiff's remaining breach of contact claim is time-barred.

ABIC asserts it is a Write Your Own ("WYO") Program insurance provider and issued Plaintiff the Policy in its fiduciary capacity as a "fiscal agent" of the Federal Government, *see* 42 U.S.C. §4071(a)(1), under the National Flood Insurance Program ("NFIP") created by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq*. R. Doc. 10-1 at 1. The NFIP was established by Congress to provide flood insurance at or below actuarial rates, funded by the United States Treasury, for properties in flood-prone areas in which it is "uneconomical" for private insurance companies to provide coverage. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The NFIP is administered by Federal Emergency Management Agency ("FEMA"), *see* 42 U.S. Code § 4005, which uses private insurance companies like ABIC as agents of the United States to implement the NFIP by issuing FEMA's Standard Flood Insurance Plans ("SFIP"), like the Policy. *See* 42 U.S.C. § 4081(a); 44 C.F.R. § 62.23(g). Any civil action arising from the denial of a claim under a SFIP so issued must be filed "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim by the insurer. 42 U.S.C. § 4072.

ABIC argues Plaintiff's breach of contract claim, filed on August 24, 2023, is time-barred as raised beyond that one-year statute of limitations. R. Doc. 10-1 at 7–11. It argues the one-year

3

period began to run on December 10, 2021, when ABIC sent a letter to Plaintiff denying his claim in part. *Id.* at 10–11; *see* R. Doc. 10-4. In opposition, Plaintiff argues the denial letter does not qualify as a "notice of disallowance or partial disallowance" such that it could incept the limitation period. R. Doc. 13 at 3–5. Alternatively, Plaintiff asserts ABIC's Motion is premature because no discovery has yet been conducted to confirm ABIC is in fact a WYO carrier under the NFIP such that the one-year limitation period applies to claims arising under the instant Policy. *Id.* at 5.

As to the latter argument, the Court finds Plaintiff's suggestion that ABIC may not actually be a WYO carrier under the NFIP, at least in its capacity as Plaintiff's insurer, to be perplexing and disingenuous. Plaintiff complains the Court should not rely on a "self-serving declaration from a director of [ABIC]'s parent company" to conclude ABIC is a WYO carrier under the NFIP. *Id.*; *see* R. Doc. 10-2. But, considering only the complaint and "documents incorporated into the complaint by reference or integral to the claim[,]" *see Meyers*, 540 F. App'x at 409, it is plain on the face of the Policy alone that the Policy is a FEMA SFIP issued by ABIC to Plaintiff under the NFIP. *See* R. Doc. 10-3. Additionally, as noted *supra*, Plaintiff concedes that the extra-contractual claims raised in this action are preempted by federal law. R. Doc. 13 at 1. But the reason those claims are preempted is precisely *because* the Policy was issued under the NFIP and is underwritten by federal funds. *See* R. Doc. 10-1 at 11–19 (citing, *inter alia*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005); *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005); *Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007)). If Plaintiff truly doubts ABIC is a WYO carrier under the NFIP, it is unclear why Plaintiff would have conceded the preemption of those claims.

As to whether ABIC's December 10, 2021 letter of denial constitutes a "notice of disallowance or partial disallowance" as anticipated by 42 U.S.C. § 4072, Plaintiff asserts the letter

is "simply a vague statement . . . that fails to provide sufficient details to Plaintiff regarding his claim." R. Doc. 13 at 3.  Plaintiff argues this is not a legally sufficient "disallowance" because "the letter does not state what items from Plaintiff's initial proof of loss was [sic] denied, approved, or even considered" and "Plaintiff was left unaware of what portions of the claim, if any, were approved/denied for the building and contents, other than total payments listed." *Id.* at 3–4.  Plaintiff also raises several policy concerns he avers would be implicated by construing this letter of denial as a legally sufficient disallowance. *Id.* at 4–5.

However, the Fifth Circuit has rejected a substantively identical argument in *McInnis v. Liberty Mut. Fire Ins. Co.*, 2022 WL 4594609 (5th Cir. Sept. 30, 2022). In *McInnis*, the plaintiff appealed a district court's determination that her claim under an NFIP SFIP was time-barred, arguing the defendant insurer's initial denial letter was not a legally sufficient disallowance that triggered the limitation period because it contained mere "boilerplate language" unreflective of a standard claim denial. 2022 WL 4594609, at *3. But the *McInnis* court affirmed the district court, explaining the denial letter "plainly put McInnis on notice that a part of her claim had been disallowed[,]" by stating "content items that were not supported by photographs were not able to be included in your claim" and referring to the insurer's "decision to deny coverage." *Id.* Thus, the court held that a letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period.

In the instant case, ABIC's denial letter refers to itself as "this denial[,]" states ABIC "denied a portion of [Plaintiff's] claim[,]" and explains that Plaintiff was not entitled to the $100,000.00 for building damage and $40,000 for contents damage he sought, but only $35,964.21 for building damage and $3,037.97 for contents damage. R. Doc. 10-4 at 1–3. The letter also notifies Plaintiff of the "Actions Available When You Disagree with your Claims Settlement

Amount," including his right to "[f]ile suit within one (1) year of the denial of your claim[,]" noting "Federal law permits you to file suit . . . within (1) year of when your insurer *first denied* all or part of your claim." *Id.* at 3–5 (emphasis added). As in *McInnis*, ABIC's denial letter plainly put Plaintiff on notice that a part of his claim had been disallowed. Therefore, the December 10, 2021 denial letter constitutes a "disallowance or partial disallowance" of Plaintiff's claims under Section 4072 and was legally sufficient to trigger the one-year limitation period during which Plaintiff could have timely raised his claims. Plaintiff's complaint filed well over a year beyond the expiration of that limitation period. *See* R. Doc. 1. Accordingly, Plaintiff's claims are untimely and this case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that ABIC's Motion to Dismiss, R. Doc. 10, is **GRANTED** and that Plaintiff's claims raised in this action are hereby **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

New Orleans, Louisiana, this 5th day of February, 2024.

Greg Gerard Guidry
United States District Judge